IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCause LLC, | ) | |
| | ) | Judge Janet S. Baer |
| Debtor/Debtor-in-Possession. | ) | |
| | ) | Case No. 19-10731 |

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 18th day of April, 2019, at 9:30 a.m., or soon thereafter as counsel can be heard, I shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, in the room usually occupied by him as Courtroom 615 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion of Debtor For Authority to Use Cash Collateral and Related Relief**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Simon, Clar & Dan
135 S. LaSalle St., Ste. 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration (ECF) (where indicated), via Facsimile (where indicated) or via First Class U.S. Mail (where indicated), properly addressed and postage pre-paid on the 15th day of April, 2019.

/s/Scott R. Clar

i

## SERVICE LIST

**Served Via ECF**
Patrick S. Layng
Office of the United States Trustee
219 S. Dearborn St., Rm. 873
Chicago, IL 60604

**Via e-mail**
pbozych@nzalaw.com
Paul Bozych
Nielsen, Zehe & Antas, P.C.
Wesco Distribution, Inc.
55 W. Monroe St., Ste. 1800
Chicago, IL 60603

srobbins@robbins-lawgroup.com
Seth A. Robbins
Robbins Law Group
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22201

MarkWomble@alphacrafttech.com
AlphaCraft Technologies, LLC
601 Railroad Ave.
South Boston, VA 24592

mkirsner@eckertseamans.com
Matthew B. Kirsner
Eckert Seamans
919 East Main St., Ste. 1300
Richmond, VA 23219

Wes.horsford@abacussolutions.com
Abacus Solutions, LLC
1190 Kennestone Circle NW, #120
Newborn, GA 30056

arlemary@amazon.com
Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Brian.sayler@bcause.com
Brian Sayler
48 Bensam Place
Haledon, NJ 07508

ddow@capitolcounsel.com
Capital Counsel, L.L.C.
700 13th Street, NW, 2nd Floor
Washington, DC 20005

billing@centurylink.com
Century Link
1025 Eldorado Blvd.
Broomfield, CO 80021

apurv@cmsweebsiteservices.com
Ciniva, LLC
251 Granby Street
Norfolk, VA 23510

eresnick@crystalclearpr.com
Crystal Clear Communications
3180 N. Lake Shore Drive, #20C
Chicago, IL 60657

FISBILLING@FISglobal.com
FIS Systems International LLC
601 Riverside Ave.
Jacksonville, FL 32204

evie@jonesmaddencouncil.com
Jones, Madden & Council, PLC
5029 Corporate Woods Drive, #190
Virginia Beach, VA 23462

Gary.dewaal@kattenlaw.com
Katten Munchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661

Charles.Doleba@leclairryan.com
LeClairRyan
4405 Cox Road, #200
Glen Allen, VA 23060

Joel.kazis@nasdaq.com
Nasdaq
One Liberty Plaza, 50th Floor
New York, NY 10006

Mfitzgerald1@paychex.com
Paychex of New York LLC
8215 Forest Point Blvd., #150
Charlotte, NC 28273

Adam.bleifeld@softvision.com

SoftVision Consulting LLC
Two Midtown Plaza
1349 W. Peachtree St., N.E., #1375
Atlanta, GA 30309

Many.montejano@tradehelm.com
Tradehelm, Inc.
27 N. Wacker Dr., #103
Chicago, IL 60606

Contact through Paychex
United HealthCare
PO Box 94017
Palatine, IL 60094-4017

Blake.White@endurance-it.com
Endurance IT Services, LLC
295 Bendix Road, #300
Virginia Beach, VA 23452

mikecruz@bitgo.com
BitGo, Inc.
2443 Ash Street
Palo Alto, CA 94306

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCause LLC, | ) | |
| | ) | Judge Janet S. Baer |
| Debtor/Debtor-in-Possession. | ) | |
| | ) | Case No. 19-10731 |

**MOTION OF DEBTOR FOR AUTHORITY TO USE
CASH COLLATERAL AND RELATED RELIEF**

BCause LLC, a Virginia limited liability company, Debtor/Debtor-in-Possession herein ("Debtor"), by and through its attorneys, makes its Motion For Authority to Use Cash Collateral and Related Relief ("Motion"), pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court ("Local Rules"), and in support thereof, states as follows:

**INTRODUCTION**

1. On April 12, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor has been operating its business and managing its financial affairs as debtor-in-possession since the Petition Date. No trustee, examiner or committee of unsecured creditors has been appointed in the Debtor's Chapter 11 case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

4. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

5. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, and Rule 4001-2 of the Local Rules.

6. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by WESCO Distribution, Inc. ("WESCO").

## RELEVANT FACTUAL BACKGROUND

7. The Debtor is a limited liability company formed in the Commonwealth of Virginia in 2013. The Debtor is a holding company that wholly owns and is the only member of BCause Mining LLC ("Mining") (formed in 2017); BCause Spot LLC (2017); BCause Derivatives LLC (2017); BCause Clear LLC (2017); BCause Secure LLC (2018); and BCause Trust, Inc. (2018), each also formed in the Commonwealth of Virginia. Each entity is in good standing in Virginia. The Debtor has operations in Virginia Beach, VA and in Chicago, IL and employs 27 full-time and 4 part-time employees.

8. The Debtor is building a full-stack cryptocurrrecy ecosystem which is intended to be a venue that will serve as a one-stop shop for all parts of the digital currency value chain. The various subsidiary entities are intended to serve professional traders, institutional investors, retail traders, and bitcoin miners. No entity other than Mining and the Debtor are currently operating.

9. Mining has itself filed a Chapter 11 case pending as Case No. 19-10562, and has filed a similar Motion to use Cash Collateral to be heard concurrently with this Motion. Both the Debtor and Mining pay their expenses from the Debtor's account. The Debtor is the sole member of Mining.

10. The Debtor provides a state of the art mining facility in Virginia Beach, Virginia, and maintains offices located at 130 S. Jefferson Street, Suite 101, Chicago, Illinois, 60661.

11. Both the Debtor and Mining's Chapter 11 filings were triggered by a judgment entered in favor of WESCO in the approximate amount of $1,300,000 and a garnishment of the Debtor's bank account, from which all of the Debtor's and Mining's bills are paid, including bills for utilities such as Dominion Energy, which had threatened a shut-off of Mining's utilities for non-payment, as of April 12, 2019.

12. WESCO asserts a security interest in cash equivalents, including the Debtor's cash and accounts receivable, among other collateral (the "Collateral"). The Debtor maintains a bank account at Lakeside Bank in Chicago, which account currently holds $911,000, which account has been garnished by WESCO (the "Account").

13. The Debtor, as of the Petition Date, had cash in the Account of approximately $911,000. As noted in Mining's Motion for Use of Cash Collateral, WESCO also asserts a secured position attaching to the assets of Mining.

## USE OF CASH COLLATERAL

15. In order for the Debtor to continue to operate its business, manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes[1]:

A. Payroll;

B. Insurance;

C. Utilities; and

D. Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period April 12, 2019, through May 13, 2019 (the "Budget"). The Budget itemizes the Debtor's cash needs during the relevant period.

---

[1] Cash collateral usage is requested for both the Debtor and Mining out of the Account.

3

16. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

17. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which WESCO asserts an interest. The Debtor's proposed use pursuant to the Budget will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of WESCO.

18. Unless the Debtor is authorized to use cash collateral in which WESCO asserts an interest, the Debtor will be unable to continue to operate its business and manage its financial affairs, thereby reducing any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

19. The Debtor proposes to use cash collateral and provide adequate protection to the Secured Parties upon the following terms and conditions:[2]

    A.    The Debtor will permit WESCO to inspect, upon reasonable notice, and within reasonable business hours, the Debtor's books and records;

    B.    The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C.    The Debtor shall, upon reasonable request, make available to WESCO evidence of that which purportedly constitutes their collateral or proceeds;

---

[2] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules are necessary.

D. The Debtor will properly maintain the collateral and properly manage the collateral; and

E. The Debtor will grant replacement liens to WESCO to the extent of WESCO's pre-petition lien, if any, and attaching to the same assets of the Debtor in which the WESCO asserted pre-petition liens.

20. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on **Exhibit A** to this Motion, plus no more than 10% of the total proposed expense payments, unless otherwise agreed to by WESCO or upon further Order of this Court.

## CONCLUSION

21. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

22. The Debtor believes that it is in the best interest of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses, thereby resulting in immediate and irreparable harm and loss to the estate.

23. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, BCause LLC, a Virginia limited liability company, Debtor/Debtor-in-Possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which WESCO asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

5

B.        Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C.        Setting a final hearing on this Motion;

D.        Directing WESCO to immediately release the garnishment on the account, notify Lakeside Bank of the release, provide evidence of the release to the Debtor and Mining; and

E.        Granting such other relief as this Court deems just and appropriate.

BCause LLC, a Virginia limited liability company,

By: /s/Scott R. Clar

**DEBTOR'S COUNSEL:**
Scott R. Clar (Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
W:\MJO2\BCause\Cash Collateral. MOT.docx