# EXHIBIT J

Code of Virginia
Title 8.01. Civil Remedies and Procedure
Chapter 18. Executions and Other Means of Recovery

# § 8.01-511. Institution of garnishment proceedings.

A. On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor or that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of the clerk's office of the court from which an execution on the judgment is issued so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. If the judgment debtor does not reside in the city or county where the judgment was entered, the judgment creditor may have the case filed or docketed in the court of the city or county where the judgment debtor resides and such court may issue an execution on the judgment, provided that the judgment creditor (a) files with the court an abstract of the judgment rendered, (b) pays fees to the court in accordance with § 16.1-69.48:2 or subdivision 17 of § 17.1-275, and (c) files in both courts any release or satisfaction of judgment. The summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee. Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with an envelope, with first-class postage attached, addressed to such address. A copy of the summons and the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the sheriff or provided by the judgment creditor to the person making service, with the process to be served. Promptly after service on the garnishee, the person making service shall mail such envelope by first-class mail to the judgment debtor at his last known address. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be sufficient proof of the mailing of such envelope with the required copy of the summons and the notice and claim for exemption form with no examination of such contents being required nor separate certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, except as hereinafter provided.

B. The judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a judgment creditor's diligent good faith effort to secure the judgment debtor's social security number. Such remedy shall be in addition to all other lawful remedies available to the judgment creditor. Upon a representation by the judgment creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social security number of the judgment debtor and has been unable to do so, the garnishment shall be issued without the necessity for such number.

C. Except as provided herein, no summons shall be issued pursuant to this section for the garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

D. The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475. Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All such previous costs chargeable against the judgment debtor may be included by the judgment creditor as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not be construed to limit any cost assessed by a court as part of the judgment.

E. In addition, the suggestion shall contain an allegation that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of 18 months, other than under the provisions of subdivision 1; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

F. Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

Code 1950, § 8-441; 1960, c. 502; 1966, c. 212; 1972, c. 104; 1976, c. 659; 1977, cc. 454, 617; 1978, cc. 321, 506; 1979, cc. 242, 345; 1980, c. 537; 1983, cc. 399, 468; 1984, c. 1; 1985, c. 524; 1991, c. 534; 1996, cc. 501, 608; 2006, c. 55; 2012, cc. 127, 129, 251, 409.

The chapters of the acts of assembly referenced in the historical citation at the end of this section may not constitute a comprehensive list of such chapters and may exclude chapters whose provisions have expired.

4/15/2019

Virginia Law Library
The Code of Virginia, Constitution of Virginia, Charters, Authorities, Compacts and Uncodified Acts are now available in both EPub and MOBI eBook formats.

Helpful Resources
Virginia Code Commission
Virginia Register of Regulations
U.S. Constitution

For Developers
The Virginia Law website data is available via a web service.

Follow us on Twitter

Code of Virginia
Title 8.01. Civil Remedies and Procedure
Chapter 18. Executions and Other Means of Recovery

# § 8.01-478. On what property writ of fieri facias levied; when lien commences.

The writ of fieri facias may be levied as well on the current money and bank notes, as on the goods and chattels of the judgment debtor, except such as are exempt from levy under Title 34, and shall bind what is capable of being levied on only from the time it is actually levied by the officer to whom it has been delivered to be executed.

Code 1950, § 8-411; 1977, c. 617.

The chapters of the acts of assembly referenced in the historical citation at the end of this section may not constitute a comprehensive list of such chapters and may exclude chapters whose provisions have expired.

4/15/2019

📕 Virginia Law Library
The Code of Virginia, Constitution of Virginia, Charters, Authorities, Compacts and Uncodified Acts are now available in both EPub and MOBI eBook formats. ⊙

❓ Helpful Resources
Virginia Code Commission
Virginia Register of Regulations
U.S. Constitution

🔧 For Developers
The Virginia Law website data is available via a web service. ⊙

🐦 Follow us on Twitter

