# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BCAUSE LLC, a Virginia limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-10731<br><br>Honorable Janet S. Baer |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PRELIMINARY OBJECTION TO WESCO DISTRIBUTION'S MOTION (I) TO DISMISS THE DEBTORS' BANKRUPTCY CASES, OR, IN THE ALTERNATIVE, (II) FOR RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "*Committee*") of BCause Mining LLC and BCause LLC (collectively, the "*Debtors*"), by and through its undersigned proposed counsel, submits this preliminary objection (the "*Preliminary Objection*") to the motion (the "*Motion*") (ECF No. 40) of WESCO Distribution, Inc. ("*WESCO*") to dismiss the Debtors' bankruptcy cases or, alternatively, for relief from the automatic stay. In support of this Preliminary Objection, the Committee states as follows:

## INTRODUCTION

WESCO filed its Motion a mere two days after the United States Trustee appointed the Committee and just two weeks after the Debtors filed their chapter 11 bankruptcy cases. In that short span of time, WESCO has repeatedly demanded that the Debtors present their proposed path for reorganization and claim that the Debtors' failure to do so thus far is evidence of their inability to reorganize. WESCO's demands are unreasonable. The Debtors only recently filed these cases and have not yet even filed their schedules and statements of financial affairs.

The Court should reject WESCO's overly aggressive litigation tactics; WESCO claims dismissal is in the best interests of all creditors, yet it is clear the only party that benefits from dismissal at this juncture is WESCO, as it would undoubtedly seek to seize all assets of the Debtors to the detriment of other creditors. The Court should deny the Motion at this time to permit the Debtors sufficient time to formulate their proposed restructuring strategy.

## PRELIMINARY OBJECTIONS

The Court should deny the Motion or, at the least, enter and continue the Motion to permit the Debtors sufficient time to evaluate the Debtors' reorganization prospects and present all parties-in-interest with a clear path forward for the benefit of all creditors, not just WESCO.

WESCO's strategy is clear - dismiss the bankruptcy cases so that it can seize all of the Debtors' assets before other creditors have the opportunity to examine and potentially avoid WESCO's priority interests. Only after the Debtors' creditors have had an opportunity to review the Debtors' schedules and statement of financial affairs, attend a meeting of creditors, and review any initial plan the Debtors put forward should a briefing schedule and evidentiary hearing be set on the Motion.

**A. The Debtors Should Be Given the Benefit of the Doubt and an Opportunity to Formulate a Reorganization Strategy at this Early Stage in the Cases**

In the early stages of a bankruptcy case, prospects for confirming a plan are not evaluated as stringently as they are later on. *In re Aurora Memory Care, LLC*, 589 B.R. 631, 642 (Bankr. N.D. Ill. 2018) (under section 1112(b) of the Bankruptcy Code); *In re Bovino*, 496 B.R. 492, 507 (Bankr. N.D. Ill. 2013) (under section 362(d)(2) of the Bankruptcy Code, explaining that "[e]arly on in a bankruptcy case, a debtor may be given a greater benefit of the doubt as to the success of a proposed feasible plan.")

The Debtors filed their chapter 11 cases just three weeks ago to protect the Debtors' ability to continue operations and preserve the value of the estates for all creditors due to WESCO's recent garnishment of the Debtors' bank account and Dominion Energy's threat to terminate the Debtors' utilities for non-payment. Either of these events would have been catastrophic to the Debtors' operations and likely diminished the value of the Debtors' businesses. The Debtors have already reached a preliminary resolution with Dominion Energy, which appears to be significant initial progress in these cases.

The Debtors have had only a few short weeks to consider their restructuring options. WESCO's demand that the Debtors immediately present a viable restructuring plan only two weeks in to these cases is not only unreasonable, but it is nearly unheard of.[1] The Court should allow the Debtors sufficient time to evaluate their options and formulate a strategy with the input and assistance of the Committee.

**B. WESCO's Interests Are Adequately Protected and Not at Risk**

Notably, WESCO's position does not appear to be in jeopardy. Its claim is approximately $1.9 million, while the Debtors' financial statements WESCO filed with the Court reflect approximately $13.9 million in fixed assets (ECF No. 17). Moreover, the Debtors have represented that as of the bankruptcy filings they held more than $900,000 in cash and have more than $1 million in monthly revenues. WESCO has not presented any evidence that its alleged secured position is at risk.

The Committee, which represents the interests of all general unsecured creditors, is willing to grant the Debtors sufficient runway to explore their reorganization options. WESCO's position is protected through cash collateral concessions and the value of the Debtors' fixed

---

[1] Significantly, there are no allegations of mismanagement, failure to comply with court orders, or unauthorized use of cash collateral which are the more typical bases to seek dismissal of a chapter 11 case so early in the process.

assets and, therefore, the Motion should be denied or entered and continued until such time as WESCO can show that its security interest is diminishing.

### C. Dismissal is Not in the Best Interests of the Debtors' Estates

WESCO contends that dismissal is preferable to conversion because the Debtors cannot realize a better value for creditors in bankruptcy and there is no need for this Court's intervention. Dismissal would <u>only</u> benefit WESCO, who would then sweep all of the Debtors' cash and obliterate any possibility the Debtors might have to turn around their businesses and maximize the value of their assets for <u>all</u> creditors.

WESCO's reason for seeking dismissal, rather than conversion, is clear – WESCO realizes the purported security interest in BCause LLC's bank account is avoidable. The bank account WESCO attempted to garnish is held by BCause LLC. While WESCO filed a UCC financing statement last year to secure its alleged security interest, it was only filed under the name of BCause Mining LLC. Therefore, it appears that WESCO's security interest in the assets of BCause LLC, including the over $900,000 in cash it attempted to garnish, is avoidable.

WESCO's asserted garnishment lien obtained 11 days prior to the bankruptcy filings is a textbook avoidable preference under section 547(b) of the Bankruptcy Code, a cause of action which would be unavailable to the Debtors or their creditors outside of bankruptcy. Since WESCO's alleged garnishment and judgment liens in the Debtors' assets are potentially avoidable, the Debtors and the Committee should be granted sufficient time to investigate these issues and, if appropriate, bring such an action which may yield a significant benefit to the Debtors' estates.

**D. WESCO is Not Entitled to Relief from the Automatic Stay**

WESCO also requests that the Court grant it relief from the automatic stay to foreclose on its alleged collateral (*i.e.* all of the Debtors' assets) for cause. WESCO claims that it is not adequately protected because the only collateral securing its debt is cash in the bank account and future revenues, and the Debtors are barely breaking even during the cases and will eventually run out of cash. WESCO has little factual basis for either contention. As reflected in the Debtors' financial statements that WESCO filed, the Debtor' have approximately $13 million in fixed assets, which would secure WESCO's debt and provide a substantial equity cushion which is, itself, adequate protection. *See e.g. In re Pelham Enterprises, Inc.*, 376 B.R. 684, 693-94 (Bankr. N.D. Ill. 2007). Moreover, WESCO will receive adequate protection payments and it has not demonstrated why the proposed amount is insufficient to protect its position, to the extent it is even at risk in the first place.

Finally, as discussed above, the Debtors have not yet had an opportunity to consider its reorganization options and present them to the Court. The Debtors should first be given this opportunity before the Court summarily grants WESCO relief from the automatic stay or grants dismissal or conversion.

**RESERVATION OF RIGHTS AND REQUEST FOR
LEAVE TO FILE SUPPLEMENTAL OBJECTION**

The Committee has existed for less than a week. This preliminary objection is based upon the limited amount of information available to the Committee at this juncture. The Committee expressly requests that this Court allow it to reserve all rights to raise additional bases for objection to the Motion and requests leave of Court to file a supplemental objection to the Motion in the event the Court enters a briefing schedule with respect to the Motion.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court deny the Motion at this stage of the cases or, in the alternative, set a briefing schedule and evidentiary hearing with respect to the Motion.

Dated: May 3, 2019                    **FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
      One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:   312.360.6520
Email:  sderousse@freeborn.com
       deggert@freeborn.com
       ejanczak@freeborn.com

*Proposed Counsel for Official Committee of Unsecured Creditors of BCause Mining LLC and BCause LLC*